IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**JIMMY JONES SCOTT, SR.,**

  **Plaintiff,**

**vs.**           **Case No. 4:10cv571-MP/WCS**

**JOHN BERRYHILL, et al.,**

  **Defendants.**

_____/


## REPORT AND RECOMMENDATION

  The six Defendants in this case filed a motion to dismiss, doc. 32, asserting that

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, failed to honestly disclose

his prior cases.  Additionally, Defendants contend Plaintiff's action is barred by <u>Heck v.</u>

<u>Humphrey</u>, 512 U.S. 477 (1994).  *Id.*, at 12.  Plaintiff was directed to respond to the

motion, doc. 33, and he has complied.  Doc. 34.  Plaintiff asserts he completed the

complaint form "to the best of" his knowledge and belief, which should excuse any

inaccuracies "made unknowingly."  Doc. 34, p. 1.  Plaintiff also contends that a jury

should "decide whether the Defendants' attack against the Plaintiff is related or justified

by the said D.R.s . . . ."  *Id.*, at 3.

Defendants contend that Plaintiff failed to identify some sixteen prior state court cases and possibly as many as sixteen more federal cases.  Doc. 32, pp. 5-7.  Due to the age of some of those cases, Defendants are unable to state with certainty that each and every case was filed by the Plaintiff.  It is possible that some cases were filed by another person as there are "five other current or former inmates named 'Jimmy Scott.' " *Id.*, at 7.  While failure to honestly disclose all prior cases is recognized,[1] I need go no further on that issue because the issue of gain time is dispositive.

Plaintiff's complaint alleges a series of events which occurred on December 24, 2008.  Doc. 14.  Plaintiff claims he was directed to "cuff up" and taken to confinement, but on the way, officers allegedly used excessive force on him and sprayed him with chemical agents.  *Id.*, at 7.  Those officers radioed for assistance, and other officers arrived to also "beat on the Plaintiff with their fists and feet all over his body . . . ."  *Id.*, at 8.  Defendants, however, related that Plaintiff received a disciplinary report for battery or attempted battery on a correctional officer.  Doc. 32, p. 8.  The disciplinary report alleged that while Sergeant Berryhill was escorting Plaintiff, he "spun around and kicked" Berryhill.  *Id.*  Plaintiff was found guilty and "forfeited 180 days of gain time as a result of the infraction."  *Id.*, at 9.  Defendants assert that Plaintiff received two other disciplinary reports on December 24, 2008, and that he lost gain time as a result of each of those reports as well.  *Id.*, at 8-9.  Plaintiff does not dispute the loss of gain time.  Doc. 34.

---

[1] Plaintiff failed to list even one prior case he had filed in the amended complaint, doc. 14, although he listed several cases in the initial complaint, doc. 1.

While Plaintiff's allegations allege the use of excessive force, these claims cannot go forward when they relate to a disciplinary report for which Plaintiff was found guilty and lost gain time.  Under Heck  v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  To recover damages for an allegedly unconstitutional conviction, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*.  *Id*.  Only habeas proceedings can provide relief which would result in a speedier release from prison, which would result from the restoration of gain time.  Heck, 512 U.S. at 481, 114 S. Ct. at 2369, *citing* Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

Heck has been extended and made explicitly applicable in the prison disciplinary setting.  Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In Balisok, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime, thus, affecting an inmate's period of incarceration.  117 S. Ct. at 1589.  Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of gain time credits is not cognizable under § 1983.

Because Plaintiff's complaint concerns events which are intermingled with his disciplinary report for assaulting an officer, and for which he lost gain time, Plaintiff

cannot proceed on this case unless and until he can demonstrate that the disciplinary report was overturned and his gain time was restored.  Victory in this case for Plaintiff would necessarily call into question the validity of the disciplinary report, and a § 1983 action cannot expunge a disciplinary report or return forfeited gain time.  Plaintiff's civil rights claims cannot go forward until Plaintiff has had the disciplinary report overturned or otherwise invalidated, and this case must be dismissed.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the Defendants' motion to dismiss, doc. 32, be **GRANTED,** and this case be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff's claims are barred by <u>Heck v. Humphrey</u>, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2011.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**